1

2

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Mar 03, 2017

SEAN F. McAVOY, CLERK

3

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

4

LUCY GUERRA,

No.    1:15-CV-3179-SMJ

5

Plaintiff,

6

v.

7

COMMISSIONER OF SOCIAL
SECURITY,

8

9

Defendant.

**ORDER GRANTING
DEFENDANT'S SUMMARY
JUDGMENT MOTION AND
DENYING PLAINTIFF'S
SUMMARY JUDGMENT MOTION**

10

11

12

13

14

15

16

17

18

19

20

Before the Court, without oral argument, are the parties' cross-summary-judgment motions. ECF Nos. 12 & 13. Plaintiff Lucy Guerra appeals the Administrative Law Judge's (ALJ) denial of benefits. ECF No. 3. Plaintiff Guerra contends the ALJ failed to: (1) provide legally sufficient reasons for rejecting Dr. Tushar Kumar's opinion; (2) properly consider Plaintiff's symptom testimony; and (3) properly consider Plaintiff's handling and fingering limitations in determining her residual functional capacity. ECF No. 12 at 1. The Commissioner of Social Security ("Commissioner") asks the Court to affirm the ALJ's decision.

After reviewing the record and relevant authority, the Court is fully informed. For the reasons set forth below, the Court affirms the ALJ's decision and therefore denies Guerra's motion and grants the Commissioner's motion.

## A.    Statement of Facts[1]

Guerra was born on May 16, 1960, in Idaho Falls, Idaho. Tr. at 428 and 493.[2]
Her parents were married and raised her alongside three brothers and four sisters.
Tr. at 428. She completed high school and some vocational training, married Jose
G. Guerra at age 19, and together they have two children. Tr. at 215, 428, 493, and
523. Guerra lives in Sunnyside, WA. *See, e.g.,* Tr. at 57.

As of November 2010, Guerra had worked for upwards of 15 years. Tr. at
192, 231 and 499. Her last full-time job, which ended in November 2010, was as
office specialist for the Yakima County District Court. Tr. at 231. Prior to that, she
held positions as an assistant buyer for a medical clinic and as substitute secretary
in a public school. Tr. at 193–196 and 231. Guerra's earning's report details
uninterrupted, though variable, earnings from 1993 through 2010. Tr. at 192.

The ALJ conducted the hearing below in two parts—one in January 2013 and
the other in November 2013. Tr. at 37 and 493. Guerra was 52 and 53, respectively,
at the time of those proceedings.

In her Function Report, Guerra identified the following as the illnesses,
injuries, or conditions limiting her ability to work: "chronic pain," "the pain meds I
take," and listed "vision, neck, back, shoulder, arm, hand, fingers, headaches,

---

[1] The facts are only briefly summarized. Detailed facts are contained in the administrative hearing
transcript, administrative record, the ALJ's decision, and the parties' briefs.
[2] Citation to "Tr." refer to the administrative record at ECF No. 9.

ORDER GRANTING DEFENDANT'S SUMMARY JUDGMENT MOTION
AND DENYING PLAINTIFF'S SUMMARY JUDGMENT MOTION **-** 2

lifting, bending, twisting, reaching, squatting, [and] kneeling" without explanation. Tr. at 236. The ALJ found, among other things, that Guerra suffers from the following severe impairments: "degenerative disc disease; affective disorder; anxiety disorder; and personality disorder." Tr. at 23. The record also reflects that Guerra alleges other physical and mental conditions, including: stress, headaches, neck and back aches, visual problems leading to an inability to focus, and severe dry eyes. Tr. at 500–03. She also asserts that she cannot leave her house alone, without her husband, and is constantly afraid that something terrible will happen to her. *See, e.g.*, Tr. at 504–05 ("[I]t's like when I see commercials for example about funerals or I hear a lot about death, that kind of, to me, it frightens me to where I'm thinking that I'm going to die. . . . I'm afraid that somebody is going to hurt me."). Guerra's husband's testimony mirrored her claims. *See* Tr. at 523–31.

**B.      Procedural History**

On May 10, 2011, Guerra filed a Title II claim for Disability Insurance Benefits (DIB). Tr. at 21, 185–91. Although Guerra's application states her disabling condition began on January 31, 2009, Tr. at 185, her attorney corrected the onset date to November 1, 2010, during her ALJ hearing. Tr. at 21, 495.[3] The Social Security Administration denied her application upon initial review and

---

[3] Other portions of the record reflect that the incorrect alleged onset date was in 2008, *see e.g.*, Tr. at 21 and 495, but the application itself says January 31, 2009, *Id.* at 185. Either way, Guerra's attorney clarified that it actually is November 1, 2010. *Id.* at 495.

ORDER GRANTING DEFENDANT'S SUMMARY JUDGMENT MOTION
AND DENYING PLAINTIFF'S SUMMARY JUDGMENT MOTION **-** 3

1    reconsideration. Tr. at 56–70, 71–86, 98. She then sought review by an ALJ. Tr. at

2    103–108.

3        ALJ Tom L. Morris conducted a hearing in this matter on January 23, 2013,

4    and a supplemental hearing on November 21, 2013. Tr. at 491–534, 35–55. He

5    issued an unfavorable decision on February 28, 2014. Tr. at 21–30. Through

6    counsel, Guerra timely appealed the ALJ's decision to the Social Security

7    Administration's (SSA) Appeal Council. Tr. at 15–16. On August 12, 2015, the

8    Appeals Council denied Guerra's request for review. Tr. at 1–3.

9        Thereafter, on October 9, 2015, Guerra appealed to this Court and sought to

10   proceed *in forma pauperis*. ECF No. 1. Magistrate Judge Rodgers denied her *in*

11   *forma pauperis* request, *Id.* at 2, and Guerra refiled her complaint on October 13,

12   2015. *Id.* at 3. Following the Defendant's answer, *Id.* at 8, Guerra filed her motion

13   for summary judgment on May 16, 2016. *Id.* at 12. Slightly more than a month later,

14   Defendant filed a cross-motion for summary judgment. *Id.* at 13.

15   **C.    Disability Determination**

16       A "disability" is defined as the "inability to engage in any substantial gainful

17   activity by reason of any medically determinable physical or mental impairment

18   which can be expected to result in death or which has lasted or can be expected to

19   last for a continuous period of not less than twelve months." 42 U.S.C. §§

20   423(d)(1)(A), 1382c(a)(3)(A). The decision-maker uses a five-step sequential

ORDER GRANTING DEFENDANT'S SUMMARY JUDGMENT MOTION
AND DENYING PLAINTIFF'S SUMMARY JUDGMENT MOTION **-** 4

1  evaluation process to determine whether a claimant is disabled. 20 C.F.R. §§

2  404.1520, 416.920.

3      Step one assesses whether the claimant is engaged in substantial gainful

4  activities. If she is, benefits are denied. 20 C.F.R. §§ 404.1520(b), 416.920(b). If

5  she is not, the decision-maker proceeds to step two.

6      Step two assesses whether the claimant has a medically severe impairment

7  or combination of impairments. 20 C.F.R. §§ 404.1520(c), 416.920(c). If the

8  claimant does not, the disability claim is denied. If the claimant does, the evaluation

9  proceeds to the third step.

10      Step three compares the claimant's impairment with a number of listed

11  impairments acknowledged by the Commissioner to be so severe as to preclude

12  substantial gainful activity. 20 C.F.R. §§ 404.1520(d), 404 Subpt. P App. 1,

13  416.920(d). If the impairment meets or equals one of the listed impairments, the

14  claimant is conclusively presumed to be disabled. If the impairment does not, the

15  evaluation proceeds to the fourth step.

16      Step four assesses whether the impairment prevents the claimant from

17  performing work she has performed in the past by examining the claimant's

18  residual functional capacity. 20 C.F.R. §§ 404.1520(e), 416.920(e). If the claimant

19  is able to perform her previous work, she is not disabled. If the claimant cannot

20  perform this work, the evaluation proceeds to the fifth step.

ORDER GRANTING DEFENDANT'S SUMMARY JUDGMENT MOTION
AND DENYING PLAINTIFF'S SUMMARY JUDGMENT MOTION - 5

1    Step five, the final step, assesses whether the claimant can perform other

2 work in the national economy in view of her age, education, and work experience.

3 20 C.F.R. §§ 404.1520(f), 416.920(f); *see Bowen v. Yuckert*, 482 U.S. 137 (1987).

4 If the claimant can, the disability claim is denied. If the claimant cannot, the

5 disability claim is granted.

6    The burden of proof shifts during this sequential disability analysis. The

7 claimant has the initial burden of establishing a *prima facie* case of entitlement to

8 disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971). The

9 burden then shifts to the Commissioner to show (1) the claimant can perform other

10 substantial gainful activity, and (2) that a "significant number of jobs exist in the

11 national economy," which the claimant can perform. *Kail v. Heckler*, 722 F.2d

12 1496, 1498 (9th Cir. 1984). A claimant is disabled only if her impairments are of

13 such severity that she is not only unable to do her previous work but cannot,

14 considering her age, education, and work experiences, engage in any other

15 substantial gainful work which exists in the national economy. 42 U.S.C. §§

16 423(d)(2)(A), 1382c(a)(3)(B).

17 **D.    Standard of Review**

18    On review, the Court considers the record as a whole, not just the evidence

19 supporting the ALJ's decision. *See Weetman v. Sullivan*, 877 F.2d 20, 22 (9th Cir.

20 1989) (quoting *Kornock v. Harris*, 648 F.2d 525, 526 (9th Cir. 1980)). The Court

ORDER GRANTING DEFENDANT'S SUMMARY JUDGMENT MOTION
AND DENYING PLAINTIFF'S SUMMARY JUDGMENT MOTION **-** 6

1   must uphold an ALJ's determination that a claimant is not disabled if the ALJ

2   applied the proper legal standards and there is substantial evidence in the record as

3   a whole to support the decision. *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir.

4   2012) (citing *Stone v. Heckler*, 761 F.2d 530, 531 (9th Cir.1985)). "Substantial

5   evidence 'means such relevant evidence as a reasonable mind might accept as

6   adequate to support a conclusion.'" *Id.* at 1111 (quoting *Valentine v. Comm'r Soc.*

7   *Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009)). This must be more than a mere

8   scintilla, but may be less than a preponderance. *Id.* (citation omitted). Even where

9   the evidence supports more than one rational interpretation, the Court must uphold

10   an ALJ's decision if it is supported by inferences reasonably drawn from the record.

11   *Id.*; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984).

12   **E.    Analysis**

13   In finding that Guerra is not disabled within the meaning of the SSA, the ALJ

14   conducted the required five-step sequential evaluation process detailed above. Tr.

15   at 22–30. At step one, he found that Guerra has not engaged in substantial gainful

16   activity since November 1, 2010. Tr. at 23. Next, the ALJ found that Guerra suffers

17   from several severe impairments, including "degenerative disc disease; affective

18   disorder; anxiety disorder; and personality disorder." *Id.* However, he also

19   determined that the medical evidence does not support her complaints of knee and

20   hand/wrist problems. *Id.* Further, he determined that the evidence shows her vision

ORDER GRANTING DEFENDANT'S SUMMARY JUDGMENT MOTION
AND DENYING PLAINTIFF'S SUMMARY JUDGMENT MOTION **-** 7

1    is normal. Tr. at 24. At step three, the ALJ found that Guerra does not suffer from

2    impairments that meet or equal a listed impairment and that her residual functional

3    capacity (RFC) allows her to "perform light work as defined in 20 CFR

4    404.1567(b)" with some caveats. Tr. at 25–26. At step four, the ALJ determined

5    that Guerra is unable to perform her past relevant work. Tr. at 29. Finally, he

6    concluded that Guerra can utilize the transferrable skills she gained in her past work

7    to perform jobs that exist in significant numbers in the national economy. Tr. at 29–

8    30.

9    Guerra challenges the ALJ's decision asserting he: (1) failed to provide

10    legally sufficient reasons for rejecting Dr. Tushar Kumar's opinion; (2) erroneously

11    concluded Plaintiff's symptom testimony was not entirely credible; and (3) failed

12    to properly consider Plaintiff's handling and fingering limitations in assessing her

13    RFC. ECF No. 12 at 1. The Court addresses each contention below.

14    1.    The ALJ did not err in his consideration of Dr. Kumar's testimony.

15    Dr. Tushar Kumar conducted a mental status examination of Guerra on July

16    29, 2011. Tr. at 425, 431. In the examination report, Dr. Kumar makes a prognosis

17    and functional assessment, among other things. Tr. at 431–32. His prognosis asserts

18    that Guerra presents "moderate to severe symptoms of an agitated depression with

19    elements of anxiety." Tr. at 431. Dr. Kumar further states that Guerra's "issues with

20    depression and anxiety are conditions that are treatable. . . . and in proper psychiatric

care, there is a significant chance for improvement over the next 12 months." *Id*. As to his functional assessment of Guerra, Dr. Kumar points to several restrictions, including: 1) moderate impairment of Guerra's ability to maintain regular workplace attendance; (2) moderate impairment of Guerra's ability to complete a normal work schedule; and (3) moderate to severe impairment of Guerra's ability to deal with usual work-related stress. Tr. at 432. However, he also states that Guerra's "ability to perform work activities on a consistent basis without special or additional instruction is not impaired." Tr. at 431. Though he notes that he "expect[s] a very low threshold for [Guerra to be] able to tolerate any additional stress in the work environment." Tr. at 432.

In considering Dr. Kumar's opinion, the ALJ afforded it "some weight" since "it is generally consistent with [Dr. Kumar's] examination of [Guerra]." Tr. at 28. Nevertheless, the ALJ concluded that the Guerra could "handle at least routine stressors and responsibilities given her ability to care for her disabled husband and take care of two dogs." *Id.*

Guerra strenuously objects to the ALJ's refusal to adopt what she characterizes as Dr. Kumar's "conclusion that [Guerra] cannot tolerate the usual stress of a workplace" by pointing to her ability to care for her husband and dogs. ECF No. 12 at 6. She also claims the ALJ disregarded the nature of her mental impairments and that he adopted Dr. Kumar's opinion save for his conclusion. *Id.*

ORDER GRANTING DEFENDANT'S SUMMARY JUDGMENT MOTION
AND DENYING PLAINTIFF'S SUMMARY JUDGMENT MOTION **-** 9

1    at 8–10. Yet, Guerra's characterization of Dr. Kumar's opinion is incomplete. As

2    detailed above, and contrary to Guerra's assertion, Dr. Kumar did not solely

3    conclude that Guerra cannot tolerate usual workplace stress. Rather, Dr. Kumar

4    found that her ability to do so is "moderately to severely impaired at this time due

5    to extreme agitation and ruminations about her prior work, as well as her apparent

6    preoccupation with these issues at present." Tr. at 432. Importantly, earlier in his

7    report Dr. Kumar stated: (1) the underlying conditions impacting Guerra's mental

8    well-being are treatable and could improve within a 12-month period with proper

9    care; and (2) Guerra could perform work activities on a consistent basis. Tr. at 431.

10    Therefore, Dr. Kumar's opinion is consistent with the ALJ's finding and substantial

11    evidence in the record supports the ALJ's finding that Guerra could handle at least

12    routine stressors and responsibilities.

13          Accordingly, the ALJ did not err in concluding that Guerra can handle routine

14    stressors and responsibilities.

15          2.       The ALJ properly considered Guerra's symptom testimony.

16          In assessing Guerra's symptom testimony's credibility, the ALJ was required

17    to undertake a two-step analysis. *Garrison v. Colvin*, 759 F.3d 995, 1014 (9th Cir.

18    2014). First, he had to determine whether objective medical evidence of the

19    underlying impairments had been presented that could produce the alleged

20    symptoms. *Id.* If so, the ALJ could reject Guerra's testimony about the severity of

ORDER GRANTING DEFENDANT'S SUMMARY JUDGMENT MOTION
AND DENYING PLAINTIFF'S SUMMARY JUDGMENT MOTION **-** 10

her symptoms by "offering specific, clear and convincing reasons for doing so," but only if the first step is satisfied and there is no evidence of malingering. *Id.* (quotation marks and citations omitted).

Here, the ALJ found that Guerra's "medically determinable impairments could reasonably be expected to cause the alleged symptoms," satisfying the first step in the analysis. Tr. at 26. He then explained that Guerra's "statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible." *Id.* at 27. In support of this finding, he articulated four reasons: (1) the medical evidence shows that though she has degenerative changes in her spine, her condition is not severely disabling; (2) though she has some mental health symptoms, the evidence does not support a finding of disability; (3) Guerra describes daily activities suggesting greater functioning than alleged; and (4) her receipt of unemployment benefits is inconsistent with her disability application. Tr. at 27.

The ALJ erred insofar as he relied on Guerra's receipt of unemployment benefits since there is no evidence in the record establishing that Guerra held herself out as available for work on a full-time or part-time basis. *Burke v. Colvin*, 649 F. App'x 495, 496 (9th Cir. 2016) (mem.) ("The ALJ erred in concluding that Burke's application for and receipt of unemployment benefits undermines her credibility where the record does not establish whether Burke held herself 'out as available for

full-time or part-time work.'"). The record only establishes that she received unemployment benefits through April 2012. Tr. at 498. However, this error was harmless since the ALJ provided sufficient other reasons to find Guerra's symptom testimony not entirely credible.

Regarding her physical symptoms, Guerra maintains that she suffers from headaches and that her "neck and . . . back aches, constant[ly]." Tr. at 26 and 500. The ALJ cites to several medical records to support his determination that though Guerra's spine has degenerative changes, her condition is not severely disabling. Tr. at 27. He cites to the fact that Guerra (1) retains full cervical range of motion, (2) her back was normal upon inspection, (3) the range of motion of her arms and legs was unremarkable and she had full strength and sensation of them, and (4) she had no sensory deficits, among other things, in making this determination. Tr. at 27. This necessarily means that he did not credit Guerra's testimony sufficiently to overcome this medical evidence and meet a disability.

As to her mental health symptoms, Guerra stated that stress and anxiety prevent her from working. *See, e.g.*, Tr. at 500. The ALJ noted the fact that there is limited evidence in the record regarding Guerra's mental health condition. Nevertheless, he considered that limited evidence, including Dr. Kumar's July 2011 evaluation. The ALJ describes Guerra's reported symptoms in that report but also notes Dr. Kumar's impressions of Guerra, including her adequate concentration and

ORDER GRANTING DEFENDANT'S SUMMARY JUDGMENT MOTION
AND DENYING PLAINTIFF'S SUMMARY JUDGMENT MOTION **-** 12

1  pace and her mostly linear thought process, among other things. Tr. at 27.

2  Importantly, the ALJ credited the vast majority of Dr. Kumar's opinion, *supra*. In

3  Dr. Kumar's opinion, Guerra's anxiety, depression, and soft psychotic symptoms

4  are treatable. Tr. at 430–31. Moreover, Guerra self-reported that she benefitted from

5  antidepressant medication but only took antidepressants "once in a while" at the

6  time of her examination. Tr. at 431. As such, the ALJ properly considered Dr.

7  Kumar's evaluation in finding Guerra's testimony not fully credible. Tr. at 27, 430–

8  32.

9        Lastly, the ALJ stated sufficient specific reasons regarding Guerra's daily

10 activities that militate against her credibility. Although Guerra is correct that ALJ's

11 must be cautious in concluding that daily activities undermine symptom testimony,

12 ECF No. 12 at 13, it is also true that ALJ's consider whether "the claimant engages

13 in daily activities inconsistent with the alleged symptoms." *Lingenfelter v. Astrue*,

14 504 F.3d 1028, 1040 (9th Cir. 2007). Here, the ALJ pointed to Guerra's ability to

15 drive about 35 miles, her ability to watch a movie which requires concentration, and

16 her going into the unemployment office when required to do so, among other things,

17 as reasons why he did not entirely believe her limitations. Tr. at 27. These are

18 sufficient reasons on which the ALJ could rely on to not fully credit Guerra's

19 assertions that she could not leave her house alone, that she cannot concentrate, and

20 that she cannot sit for extended periods of time, among other testimony.

ORDER GRANTING DEFENDANT'S SUMMARY JUDGMENT MOTION
AND DENYING PLAINTIFF'S SUMMARY JUDGMENT MOTION **-** 13

1    Taken together, the ALJ's reliance on the evidence and reasons discussed

2   above are sufficient to support his finding that Guerra was not fully credible.

3         3.    The ALJ properly considered Guerra's asserted handling and fingering
              limitations.

4
    Finally, Guerra asserts that the ALJ erred because he failed to consider her

5   hand and wrist impairments, "nowhere even mentioning Ms. Guerra's statement

6   regarding her related limitations," in assessing her RFC. ECF No. 12 at 16. She also

7   argues that the ALJ disregarded the medical evidence that pointed to a link between

8   Guerra's depression and psychological issues and her pain. *Id.* at 16–17. These

9   errors, she maintains necessarily mean that the vocational expert's testimony cannot

10  be relied upon. *Id.* at 17.

11
    The Court is unpersuaded. For Guerra's argument to prevail, it must be true

12  that the ALJ failed to consider Guerra's hand and wrist impairments in the first

13  instance. Yet, the record belies this assertion. In assessing Guerra's residual

14  functional capacity the ALJ "considered all symptoms and the extent to which these

15  symptoms can reasonably be accepted as consistent with the objective medical

16  evidence and other evidence." Tr. at 26. Moreover, the ALJ considered Dr. Roy

17  Brown's and Dr. Robert Hoskins's opinions in making his RFC determination. Tr.

18  at 28. Both of these opinions considered Guerra's asserted hand and wrist

19  limitations. Tr. at 66 (describing some of Guerra's alleged limitations caused by her

20

ORDER GRANTING DEFENDANT'S SUMMARY JUDGMENT MOTION
AND DENYING PLAINTIFF'S SUMMARY JUDGMENT MOTION **-** 14

hand and wrist issues), 81 (same). Accordingly, the ALJ adequately and properly considered Guerra's handling and fingering limitations.

**F.    Conclusion**

In summary, the Court finds the record contains substantial evidence from which the ALJ properly concluded, when applying the correct legal standards, that Lucy Guerra does not qualify for benefits.

Accordingly, **IT IS HEREBY ORDERED**:

1.    Plaintiff's Motion for Summary Judgment, **ECF No. 12**, is **DENIED**.

2.    The Commissioner's Motion for Summary Judgment, **ECF No. 13**, is **GRANTED**.

3.    **JUDGMENT** is to be entered in the Commissioner's favor.

4.    The case shall be **CLOSED**.

**IT IS SO ORDERED.**  The Clerk's Office is directed to enter this Order and provide copies to all counsel.

**DATED** this 3rd day of March 2017.

_____
SALVADOR MENDOZA, JR.
United States District Judge

ORDER GRANTING DEFENDANT'S SUMMARY JUDGMENT MOTION
AND DENYING PLAINTIFF'S SUMMARY JUDGMENT MOTION **-** 15